Garry L. CAPUTO, Plaintiff–Appellant,

v.

**SEALED AIR CORPORATION (US), Defendant–Appellee.**

No. 02–1556.

United States Court of Appeals, Federal Circuit.

April 8, 2003.

Rehearing Denied April 29, 2003.

Before BRYSON, GAJARSA, and PROST, Circuit Judges.

## DECISION

PER CURIAM.

Garry L. Caputo ("Caputo") petitions for review of the final judgment of the United States District Court for the District of New Jersey, finding no infringement of Caputo's United States Patent No. 4,579,-516 ("the '516 patent") by Sealed Air Corporation ("Sealed Air"). *Caputo v. Sealed Air Corp.*, Civil Action No. 99–CV–482 (Sep. 3, 2002). Because the district court properly interpreted the claims and found no infringement of the '516 patent by Sealed Air, this court *affirms*.

## BACKGROUND

Caputo is the patentee and owner of the '516 patent, entitled "Forming Roller For Producing Air–Cushioning Product," which is directed to a forming roller used in the production of air packaging or dunnage material commonly known as "bubble wrap." He has more than thirty-six years experience in the packing products industry. Sealed Air is a New Jersey corporation that has been manufacturing apparatuses for the production of air cushioning material from the early 1960s. Sealed Air owns numerous patents for methods and apparatuses for making bubble wrap.

Caputo first accused Sealed Air of infringement of the '516 patent in a June 4, 1991 letter sent by his attorney to Sealed Air. Sealed Air denied the charge. The denial apparently concluded the matter until January 26, 1999, when Caputo's attorney again wrote Sealed Air, alleging once again infringement of the '516 patent. In those intervening eight years, the two parties had numerous contacts at various trade shows and during a failed attempt to establish a joint business venture.

Caputo sued Sealed Air on February 2, 1999 for infringement of the '516 patent. Caputo's infringement allegation stems from his inspection of certain bubble wrap produced by Sealed Air and his analysis that, based solely on the appearance of the product, Sealed Air must be using an infringing forming roller. Sealed Air immediately moved for Rule 11 sanctions against Caputo and his attorney, which were subsequently denied without prejudice. Sealed Air also asserted that Caputo be denied access to information regarding the alleged infringing roller, arguing that it was protected as a trade secret. The magistrate judge granted a protective order on August 21, 2000, prohibiting Caputo, but not his attorney or expert, from viewing material deemed confidential and submitted in conjunction with Sealed Air's anticipated motion for summary judgment. That order was subsequently affirmed by the district court. Pursuant to the order, Caputo's attorney and expert were allowed to review the material submitted by Sealed Air with its motion for summary judgment. The district court reviewed a report from Caputo's expert analyzing the Sealed Air materials and a response from Sealed Air.

In a memorandum opinion entered March 30, 2001, the district court granted summary judgment of non-infringement in

favor of Sealed Air. The district court construed the claims of the '516 patent. Caputo agreed that there was no literal infringement and that only infringement under the doctrine of equivalents was at issue. The court found no equivalents in six of nine asserted claim limitations.

Claim 1 of the '516 patent reads, in relevant part:

A forming roller for use with a heated thermoplastic film as brought to this forming roll and when in contact with an outer diameter surface portion of said roller is vacuum-shaped and cooled to bring this heated film to a condition whereat said film is weldable to another film, this roller including:

\* \* \* \* \* \*

(b) a central axial bore formed in this metal roller and having a precise size and with a *counterbore formed in each end of the roller and substantially concentric with the axial bore;*

\* \* \* \* \* \*

(d) a multiplicity of fluid-conducting passageways *formed longitudinally and substantially parallel to the axis of said roll, each of these passageways open at each end to a counterbore;* . . . .

'516 patent at col. 5, I. 20—col. 6, I. 15 (emphases added). Independent claim 10 was also at issue. Limitation (b) of claim 10 reads: "a *central axial bore* formed in this metal roller and having a precise size." '516 patent at col. 6, II. 65–66 (emphasis added). Other than this limitation, the district court found claims 1 and 10 similar in all respects.

On May 3, 2001, the district court granted Caputo personal access to review the March 30, 2001 opinion, even though the opinion contained restricted confidential information. Based upon this review, Caputo [1] filed a motion for reconsideration on March 6, 2002, approximately eleven months after the March 30, 2001 opinion. The court issued a second opinion on August 8, 2002 addressing various motions from both parties. The court dismissed Caputo's motion for reconsideration as untimely and denied both parties' motions for sanctions and attorney's fees. The court also reprimanded Caputo for retaining an unredacted copy of a page from Sealed Air's brief in support of its motion for summary judgment (in violation of the protective order), but nevertheless, declined to impose sanctions. Final judgment was entered on September 3, 2002. Caputo appealed to this court and we have jurisdiction pursuant to 35 U.S.C. § 1295(a)(1).

## DISCUSSION

Our review of a grant of summary judgment of patent infringement or noninfringement is plenary. *Cole v. Kimberly–Clark Corp.,* 102 F.3d 524, 528, 41 USPQ2d 1001, 1004 (Fed.Cir.1996). We first determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Unidynamics Corp. v. Automatic Prod. Int'l, Ltd.,* 157 F.3d 1311, 1316, 48 USPQ2d 1099, 1102 (Fed.Cir.1998) (quoting Fed.R.Civ.P. 56(c)). "In determining whether there is a genuine issue of material fact, the evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved in favor of the opponent." *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.,* 145

---

1. From approximately this time until the present, Caputo has been arguing this case pro se.

F.3d 1303, 1307, 46 USPQ2d 1752, 1755 (Fed.Cir.1998). "[C]laim construction, as a purely legal issue, is subject to *de novo* review on appeal." *Cybor Corp. v. FAS Techs., Inc.,* 138 F.3d 1448, 1451, 46 USPQ2d 1169, 1171 (Fed.Cir.1998) (*en banc*).

On appeal, Caputo alleges a host of errors by the district court. They can be reduced to the following: (1) Sealed Air continues to infringe the '516 patent, as evidenced by the district court's April 4, 2001 opinion; (2) the district court improperly granted trade secret status to Sealed Air's roller; (3) Sealed Air offered misleading evidence, testimony, and argument; and (4) the burden to prove that the bubble wrap produced by Sealed Air does not use Caputo's patented process shifts to Sealed Air under 35 U.S.C. § 295.

"An infringement analysis entails two steps. The first step is determining the meaning and scope of the patent claims asserted to be infringed. The second step is comparing the properly construed claims to the device accused of infringing." *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 976, 34 USPQ2d 1321, 1326 (Fed.Cir.1995) (*en banc*) (internal citation omitted), aff'd, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). Infringement under the doctrine of equivalents requires an element-by-element inquiry. *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.,* 520 U.S. 17, 40, 117 S.Ct. 1040, 137 L.Ed.2d 146, 41 USPQ2d 1865, 1876 (1997). Equivalence is determined by applying the tripartite function-way-result test. *Id.* at 39, 520 U.S. 17, 117 S.Ct. 1040, 137 L.Ed.2d 146, 41 USPQ2d at 1875. Under this test, an accused product is equivalent to a claimed element if the accused element performs substantially the same function in substantially the same way to accomplish substantially the same result as the claimed element. *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.,* 339 U.S. 605, 608, 70 S.Ct. 854, 94 L.Ed. 1097, 85 USPQ 328, 330 (1950).

■ The district court properly construed limitation (b) to mean that the forming roller requires "a counterbore formed in each end of the roller and substantially concentric with the axial bore." The court noted that these counterbores provided a reservoir for fluid that passes through limitation (d). The district court construed limitation (d) to mean that "within the roller is another set of longitudinally formed water-conducting passageways that run substantially parallel to [the] axis of the roller." The district court noted that at least one purpose of these passageways was to control temperature along the roller during operation. We find both these constructions to be correct.

■ The district court found no equivalent to limitations (b) and (d) of claim 1 of the '516 patent in Sealed Air's accused roller, and we will not disturb this finding.[2] At a minimum, the allegedly "equivalent" structure to claim limitation (d) in Sealed Air's accused roller controls temperature (its "function") in a way different than (i.e., not substantially the same as) the '516 patent, thus failing at least one prong of the tripartite test. *See id.* Finding no equivalent to this element in Sealed Air's forming roller is by itself sufficient to find no infringement under the doctrine of equivalents. *See Warner–Jenkinson,* 520 U.S. at 40, 117 S.Ct. 1040, 137 L.Ed.2d 146, 41 USPQ2d at 1876.

Moreover, even if Sealed Air's forming roller did contain equivalents to the "coun-

---

**2.** The district court compared the properly construed claims to the accused roller in more detail in its decision. Since certain details of the roller are subject to a protective order, however, we will not elaborate on its construction.

terbores" of limitation (b) and to the "passageways" of limitation (d), which it does not, we note claim 1 presents those limitations in a precise structural arrangement. That is, the counterbores are "formed in each end of the roller and substantially concentric with the axial bore," and the passageways are "formed longitudinally and substantially parallel to the axis of said roll, each of these passageways open at each end to a counterbore." Similarly, claim 10 only describes a "central axial bore," a limitation that does not change the outcome of our analysis. The district court correctly noted that Sealed Air's roller does not contain these elements in such a precise arrangement. Indeed, our review of the record finds that the two elements are in a completely dissimilar arrangement than that of the '516 patent. We will not, as the district court did not, remove these clear structural limitations from the patent in an effort to find infringement under the doctrine of equivalents. *See Sage Prods., Inc. v. Devon Indus., Inc.,* 126 F.3d 1420, 1426, 44 USPQ2d 1103, 1108 (Fed.Cir. 1997).

We have carefully considered the additional arguments presented by Caputo in his brief and find them to be without merit. Accordingly, the decision of the district court is affirmed.

### COSTS

No costs.